No. 21-2279
(2:18-CV-00342)

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

Anthony Braxton, Appellant

v.

Larry E. Harrah, et al., Respondents

## ON APPEAL TO THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA AT CHARLESTON

### APPELLEES LARRY E. HARRAH, BRIAN D. PARSONS, AND DETECTIVE W. R. CALLISON'S MOTION TO DISMISS APPEAL

*Pro Se* Appellant:

Anthony James Braxton
1652 Prudence Road
Oak Hill, WV 25901

Counsel for Appellees Larry E. Harrah, Brian D. Parsons, and Detective W. R. Callison:

John P. Fuller (WV Bar #9116)
Adam K. Strider (WV Bar #12483)
Bailey & Wyant, PLLC
500 Virginia Street East, Suite 600
Charleston, WV 25301
T: (304) 345-4222
F: (304) 343-3133
jfuller@baileywyant.com
astrider@baileywyant.com

Counsel for Defendants Detective C. A. Young and the City of Oak Hill:

Chip E. Williams (WV Bar #8116)
Jared C. Underwood (WV Bar #12141)
Pullen Fowler Flanigan Brown & Poe, PLLC
252 George Street
Beckley, WV 25801
T: (304) 254-9300
F: (304) 255-5519
cwilliams@pfflaw.com
junderwood@pfflaw.com

### APPELLEES LARRY E. HARRAH, BRIAN D. PARSONS, AND DETECTIVE W. R. CALLISON'S PARTIAL MOTION TO DISMISS APPEAL

**COME NOW** these Appellees, Defendants below, Larry E. Harrah, Brian D. Parsons, and Detective W. R. Callison, by counsel John P. Fuller, Adam K. Strider, and the law firm of Bailey & Wyant, PLLC, and hereby moves this Honorable Court to dismiss portions of the instant appeal pursuant to Rule 27 of the Federal Rules of Appellate Procedure as having been untimely filed. In support thereof, these Appellees state as follows.

### I. PROCEDURAL HISTORY

The Appellant, Plaintiff below, filed the claims at issue in the United States District Court for the Southern District of West Virginia at Charleston on or about April 17, 2018. See ECF Doc. No. 2. The matter was assigned to the Hon. Dwane L. Tinsley, United States Magistrate Judge. Prior to the service of the Complaint, Judge Tinsley, acting *sua sponte*, recommended the dismissal of certain of the Appellant's claims against Fayette County Magistrate Leonard Bickford and the West Virginia State Police on or about May 1, 2019. See ECF Doc. No. 7.

Following service, these Appellants, as well as other Defendants below, moved to dismiss the Appellant's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Judge Tinsley recommended the dismissal of all claims asserted against Defendants Sheriff Michael Fridley, Fayette County, and Detective C. A. Young, as well as the dismissal of some, but not all, claims asserted against Appellants Larry Harrah, Brian Parsons, and Detective W. R. Callison. See ECF Doc. No. 32. This Proposed Findings & Recommendation ("PF&R") also recommended the dismissal of additional named Defendants which were not served, including the estate of Sheriff Steve Kessler, and numerous municipal entities. See *id*. In a subsequent Memorandum Opinion and Order, the Hon. John T. Copenhaver, Jr., Senior United States District Judge, adopted Judge Tinsley's recommendations, overruling the Appellant's objections. See ECF Doc. No. 53.

Following the conduct of discovery in the case, the then-remaining defendants, Appellants Harrah, Parsons, and Callison, moved for summary judgment on or about October 22, 2020. See ECF Doc. Nos. 151-154. After the matter was fully briefed, Judge Tinsley recommended that the Appellees be granted summary judgment as to all of Appellant's claims against them on March 18, 2021. See ECF Doc. No. 165. Judge Copenhaver adopted Judge Tinsley's PF&R in a subsequent Memorandum Opinion and Order dated August 12, 2021. See ECF Doc. No. 177.

In the interim between the entry of Judge Tinsley's PF&R and the entry of Judge Copenhaver's Order, the Appellant filed six (6) motions for specific relief. See ECF Doc. Nos. 166, 168-171, 174. These included (1) Plaintiff's Motion to Reinstate Fayette County Commission, (ECF Doc. No. 166); (2) Motion to Amend Plaintiff's Declaration for Defendant W.R. Callison, (ECF Doc. No. 168); (3) Plaintiff's Motion for Assistance of Counsel, (ECF Doc. No. 169); (4) Plaintiff's Motion for Extension of Discovery, (ECF Doc. No. 170); (5) Motion for Judge Dwane L. Tinsley to Recuse Himself, (ECF Doc. No. 171); and (6) Plaintiff's Motion to Add Fayette County Indictment 18-F-18 into Evidence, (ECF Doc. No. 174). Following the entry of Judge Copenhaver's Order, the Plaintiff filed an additional motion requesting Judge Tinsley's recusal, also titled Motion for Judge Dwane L. Tinsley to Recuse Himself (ECF Doc. No. 182) on August 18, 2021. This Motion also indicated that the Appellant intended to file a complaint against Judge Copenhaver.

The matter was subsequently reassigned to the Hon. Omar J. Aboulhosn, United States Magistrate Judge, and the Hon. Thomas E. Johnston, Chief United States District Judge. See ECF Doc. Nos. 184-186. In an October 15, 2021 Order disposing of all pending Motions, Judge Johnston held as follows:

> As this case was transferred to Chief Judge Thomas E. Johnston and Magistrate Judge Omar J. Aboulhosn, (ECF Nos. 185, 186), Plaintiff's two separate motions for Magistrate Judge Tinsley to recuse himself, (ECF Nos. 171, 182), are DENIED AS MOOT. The Court also emphasizes the frivolity and lack of merit to Plaintiff's

3

> accusations toward Magistrate Judge Tinsley and Judge Copenhaver therein. Further, the four remaining motions, (ECF No. 166, 169, 170, 174), were all filed after the entry of the PF&R, (ECF No. 165), and before the entry of the order adopting the PF&R, (ECF No. 177). Thus, these remaining motions are DENIED AS MOOT, as all Plaintiff's claims were dismissed upon the entry of the order granting the Defendants' motions for summary judgment, (ECF No. 177).

ECF Doc. No. 187 at Pg. 2. The Appellant subsequently mailed his Notice of Appeal on November 8, 2021, which was received and filed by the Court on November 10, 2021. See ECF Doc. No. 188. The Appellant's Notice of Appeal, which purports to set out 33 separate alleged points of error below, deals almost exclusively with matters disposed of by Judge Copenhaver's orders granting parties' motions to dismiss and motions for summary judgment. See ECF Doc. 188. Only issues 10, 20, 26, and 27 appear to concern matters disposed of by Judge Johnston's October 15, 2021 Order. See *id.*; see also ECF Doc. No. 187. On that basis, these Appellees respectfully pray this Honorable Court dismiss the instant appeal, save for issues excepted above, as not timely filed.

## II. ARGUMENT

The Appellant's alleged points of error which arise from Judge Copenhaver's Rule 12 and Rule 56 Orders – all but 4 of the 33 alleged points of error – were not timely filed in the appropriate thirty (30) day window following the relevant final order in this matter. Subject to certain exceptions, a civil litigant seeking review of a district court's final decision must generally file a notice of appeal "within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a); see also Fed. R. App. P. 4(a)(1)(A). While certain motions, if filed, extend the time after the entry of a final order in which to file a Notice of Appeal, none of those enumerated motions were made by the Appellant below. See Fed. R. App. P. 4(a)(4)(A); see also ECF Doc. No. 187.

The relevant final order in this matter was Judge Copenhaver's Order granting summary judgment to these Appellees below, because it disposed of all claims against all defendants in this matter on the merits. A District Court's decision constitutes a "final order" if it "ends the litigation

4

on the merits and leaves nothing for the court to do but execute the judgment." *United States v. Modanlo*, 762 F.3d 403, 409 (4th Cir. 2014) (quoting *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199, 108 S. Ct. 1717, 100 L. Ed. 2d 178 (1988)) (internal quotation marks omitted). This Court has previously held that even if the District Court retains jurisdiction of the matter in order to modify or dispose of ancillary matters. See, e.g., *Holiday Inns, Inc. v. Holiday Inn*, 645 F.2d 239, 244 (4th Cir. 1981) (holding that an order is not rendered non-final because a court retains jurisdiction to modify or terminate an injunction post-judgment); *United States v. Local 30, United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n*, 871 F.2d 401, 403 (3rd Cir. 1989) ("The fact that the district court retained jurisdiction in this case to provide such further relief as might be necessary to effectuate the permanent injunction does not deprive the district court's order of its finality under § 1291."); *Modanlo*, 762 F.3d at 409 (noting that a district court's order is nonetheless final where the court has yet to execute the judgment).

In *Hudson v. Pittsylvania County*, 774 F.3d 231 (4th Cir. 2014), an appellant filed a notice of appeal of summary judgment 145 days after the entry of the order granting summary judgment to the appellee. The appellee therein moved to dismiss the appeal as untimely. See *id*. at 233. In response, the appellant argued that the summary judgment order was not final, because "the district court retained jurisdiction over the matter to enforce the permanent injunction and to consider any motions for attorney's fees and costs[.]" *Id*. at 234.

Likewise in this matter, Judge Copenhaver's August 12, 2021 Order finally disposed of all claims in this matter on the merits. While Rule 4(a)(4)(A) may extend the appeal deadline in the event that certain enumerated motions are adjudicated after the entry of an otherwise final order, none of the Motions filed by the Appellant and adjudicated by Judge Johnston after the entry of Judge Copenhaver's Order are of those types. See Fed. R. App. P. 4(a)(4)(A). The Appellant's

5

Notice of Appeal, mailed 88 days after the entry of Judge Copenhaver's November 8, 2021 Order, is thus untimely and subject to dismissal as to all issues noted for appeal which arise from that final Order or an order adjudicated prior thereto.

### III. CONCLUSION

**WHEREFORE**, based on the foregoing, these Appellees respectfully pray this Honorable Court GRANT its Motion to Dismiss, and dismiss all issues noted in Appellant's Notice of Appeal which arise from the August 12, 2021 final Order entered by the Hon. John T. Copenhaver, Jr., below, or from any order adjudicated prior thereto.

**LARRY E. HARRAH, BRIAN D. PARSONS, and DETECTIVE W. R. CALLISON,
By Counsel,**

 /s/ Adam K. Strider
**John P. Fuller (WV Bar #9116)
Adam K. Strider (WV Bar #12483)
BAILEY & WYANT, PLLC
500 Virginia Street, East, Suite 600
Post Office Box 3710
Charleston, West Virginia 25337-3710
T: 304.345.4222
F: 304.343.3133**
jfuller@baileywyant.com
astrider@baileywyant.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of foregoing "**APPELLEES LARRY E. HARRAH, BRIAN D. PARSONS, AND DETECTIVE W. R. CALLISON'S MOTION TO DISMISS APPEAL**" was served upon the following parties through the Court's Electronic Case Filing (ECF) system on this day, Wednesday, December 1, 2021:

Anthony James Braxton
1652 Prudence Road
Oak Hill, WV  25901
Pro Se Appellant

Chip E. Williams, Esq.
Jared C. Underwood, Esq.
Pullen Fowler Flanigan Brown & Poe, PLLC
252 George Street
Beckley, WV 25801
*Counsel for Appellee C. A. Young*

 /s/ Adam K. Strider
**John P. Fuller (WV Bar #9116)**
**Adam K. Strider (WV Bar #12483)**
**BAILEY & WYANT, PLLC**
**500 Virginia Street, East, Suite 600**
**Post Office Box 3710**
**Charleston, West Virginia 25337-3710**
**T: 304.345.4222**
**F: 304.343.3133**
jfuller@baileywyant.com
astrider@baileywyant.com